IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUDY RODRIGUEZ, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,

    *Plaintiffs*

V.

    Civil Action No. 5:13-CV-510

    JURY DEMANDED

LOWE'S COMPANIES, INC.

    *Defendant*

### PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Judy Rodriguez ("Rodriguez"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), files this Amended Complaint against Defendant Lowe's Home Centers, Inc. ("Defendant") and would show as follows:

### I.    PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Defendant for violations of the Fair Labor Standards Act ("FLSA"). Specifically, this action is brought by Plaintiff Rodriguez, on behalf of herself and all similarly situated employees, against their employer for unpaid overtime wages. Plaintiffs seek to recover unpaid overtime, statutory liquidated damages, and reasonable attorneys' fees. Moreover, Rodriguez seeks to certify this matter as a collective action under the FLSA.

## II.   PARTIES

2. Plaintiff Judy Rodriguez is an individual residing in Bexar County, Texas. Rodriguez was employed by Defendant as an Assistant Store Manager, Zone Manager, from May 12, 2012 through April 20, 2013.

3. Defendant Lowe's Home Centers, Inc. is a foreign for-profit corporation doing business in Texas, and has been served previously in this matter. At all times relevant to this action, Defendant was an employer of Rodriguez and similarly situated employees as defined by 29 C.F.R. § 791.2.

## III.   JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under § 16(b) of the FLSA, 29 U.S.C. §216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer … in federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated", and 28 U.S.C. § 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas.

## IV.   FACTUAL ALLEGATIONS

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendant has been engaged in the performance of related activities for a common business purpose.

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000.

8. Defendant is the second largest home improvement retailer worldwide and owns and operates retail stores in Texas and throughout the United States. Defendant employs Assistant Store Managers also known as Zone Managers ("Zone Managers"), like Rodriguez, to perform various nonexempt duties at its retail locations. Zone Managers, like Rodriguez, routinely work more than 40 hours per week. However, Defendant does not pay Zone Managers, like Rodriguez, time and one-half of their regular rate for all hours worked over forty in a workweek. As a result, Defendant has unlawfully withheld overtime compensation from its Zone Managers, including Rodriguez.

9. More specifically, the job duties performed by Zone Managers, like Rodriguez, primarily involve, but are not limited to the following tasks: opening and closing the retail store; printing reports and emailing staff; unlocking safes; assisting cashiers; performing ground inspections by walking the aisles of the store; signing receipt of delivery forms; assisting customers; and looking to see if there are empty spaces on the shelves in the aisles.

10. Zone Managers, like Rodriguez, do not engage in an administrative or executive role given the constraints placed upon them by Defendant's policy. In fact, the circumstances of the job duties performed by Zone Managers, like Rodriguez, require them to remain working on the floor of the retail stores throughout their shift each workday. Thus, Zone Managers, like Rodriguez, do not perform office or non-manual work. Zone Managers, like Rodriguez, do not have any role in training hourly employees or determining what training they will receive. Zone Managers, like Rodriguez, do not have the authority to hire, fire or promote hourly employees working in the stores, to determine their pay rates or benefits or to give raises. Zone Managers, like Rodriguez, do not have the authority to decide whether or not an employee could be disciplined for an infraction or misbehavior. Disciplinary decisions are made and enforced by the Store Managers in conjunction with the Human Resources Department. Thus, Zone Managers, like Rodriguez, are not able to make employment-related personnel decisions and were not engaged in work of a type that required the exercise of independent judgment or discretion as to matters of significance to the enterprise. In addition, Zone Managers, like Rodriguez, are not actual executives of Defendant. Zone Managers, like Rodriguez, serve as customer service and merchandising shift supervisors who report to Defendant's Store Managers.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FLSA – OVERTIME WAGES

11. The preceding paragraphs are incorporated by references for all purposes.

12. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et. seq.*, and the supporting federal regulations, apply to Defendant and protect Rodriguez and the putative class members.

13. Defendant failed to pay Rodriguez and the putative class members overtime wages at time and a half of their regular rate for hours that they worked over 40 hours in a workweek.

14. As a result of Defendant's unlawful acts, Rodriguez and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

15. Defendant's unlawful conduct has been willful and intentional. Defendant was aware or should have been aware that the practices described herein are unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative class members.

16. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION: FLSA – RECORDKEEPING VIOLATIONS**

17. The preceding paragraphs are incorporated by reference for all purposes.

18. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs and other Zone Managers, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

## COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)

19.     Pursuant to Section 16(b) of the FLSA, Rodriguez brings this Amended Complaint as a collective action, on behalf of herself and all persons similarly situated who consent to join this litigation by filing a written consent with the Court and who also agree to be represented by Plaintiff's counsel, such persons making claims under the FLSA for the three years preceding the filing of this Amended Complaint or the filing with the Court of each such person's written consent to joinder until entry of judgment after trial.

20.     Defendant has a common policy or scheme of not paying Zone Managers time and one-half for all hours worked over forty in a workweek.  As a result of this common policy or scheme, Defendant wrongfully denied Zone Managers of overtime for all hours worked in excess of forty in a workweek.  Therefore, the Court should certify a collective action of all current and former laborers employed by Defendant at any time during the three years preceding the filing of this Amended Complaint.  Plaintiffs are informed and believe, and based thereon, allege that there are other FLSA class members who could "opt-in" to this class, the actual number of FLSA class members is readily ascertainable by a review of Defendant's records through appropriate discovery, and Plaintiff proposes to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## JURY TRIAL DEMAND

21.     Plaintiff, on behalf of herself and the putative class members, demands a jury trial on all issues so triable.

## **PRAYER**

22. Plaintiff prays for judgment against Defendant as follows:

    (a) actual and liquidated damages for unpaid overtime wages the under the Fair Labor Standards Acts;

    (b) liquidated damages as provided by the Fair Labor Standards Act;

    (c) reasonable attorney's fees under the Fair Labor Standard Act;

    (d) pre-judgment and post-judgment interest as provided by law;

    (e) all costs of court;

    (f) certification of this matter as a collective action; and

    (g) any other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Lawrence G. Morales
**LAWRENCE G. MORALES**
The Morales Law Firm
State Bar No. 14417500
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Telecopier No. (210) 225-0821

/s/ Lawrence Morales II
**LAWRENCE MORALES II**
The Morales Firm P.C.
State Bar No. 24051077
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Telecopier No. (210) 225-0821


/s/ Melissa Morales Fletcher
**MELISSA MORALES FLETCHER**
State Bar No. 24007702
MELISSA MORALES FLETCHER, P.C.
115 E. Travis, Suite 1530
San Antonio, Texas 78205
Phone:          (210) 225-0811
Facsimile:      (210) 225-0821

***ATTORNEYS FOR PLAINTIFFS***

Case 5:13-cv-00510-XR   Document 7   Filed 07/16/13   Page 9 of 9

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document on July 16, 2013 with the Court's electronic filing system, which will provide notice to Counsel for Defendant as follows:

Jamila S. Mensah
Hunton & Williams LLP
700 Louisiana Street, Suite 4200
Houston, Texas 77002

/s/ Melissa Morales Fletcher
Melissa Morales Fletcher